IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL SAINTIL | : | CIVIL ACTION |
| v. | : | |
| GERMAINE WALKER, *et al.* | : | NO. 15-6002 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                        October 16, 2017

On June 1, 2014, Daniel Saintil ("Plaintiff"), while driving his car on Oxford Avenue in Philadelphia, was struck by a car driven by Germaine Walker ("Defendant Walker"). Defendant Walker was speeding and drove through a red traffic light before causing the impact. Plaintiff's car was totaled and he suffered neck and back injuries as a result of the collision. Plaintiff sued Defendant Walker and several others, including the City of Philadelphia. Defendant Walker failed to answer the complaint and, on September 22, 2016, default was entered against him. In April 2017, Plaintiff settled his claims against the City of Philadelphia; the other defendants, besides Walker, were dismissed from this action. Next, on June 8, 2017, Plaintiff testified at a damages hearing so that the court could enter a default judgment against Defendant Walker. In consideration of Plaintiff's testimony and exhibits he submitted at the hearing, this court finds that Judgment in the amount of $50,000 is appropriate.

Plaintiff was the sole witness at the hearing. He did not request damages for the loss of his car, unpaid medical expenses, wage loss, or diminished earnings capacity. Plaintiff's only claims were for pain and suffering and loss of life's enjoyment. (N.T. 6/8/17 at 29). Plaintiff testified that, as a result of the injuries he sustained in the accident, he can no longer shovel snow, lift any weight at the supermarket, or lift and play with his grandchildren. Additionally, climbing stairs

and driving long distances cause him pain. *Id.* at 25-26.

To support his damages testimony, Plaintiff submitted medical records concerning his treatment after the accident. His treating physician, Ronald Gruzin, D.O., stated in a March 18, 2017 letter that Plaintiff sustained spinal trauma and lumbar disc herniations as a result of the accident; these injuries are documented in a July 7, 2014 MRI scan. Dr. Gruzin opined that the disc herniations constitute permanent injuries which would cause "varying degrees of symptoms into the indefinite future." The doctor further noted that Plaintiff had pre-existing degenerative changes. A July 7, 2014 MRI report confirmed L3-4, "disc bulge with a very small left paracentral disc herniation." The 2014 report also documents degenerative changes in Plaintiff's lumbar spine at levels L3-4 and L5-S1.

Without cavil, Plaintiff was injured during the June 1, 2014 accident. However, he has not documented any quantifiable economic losses. Plaintiff did not miss any work and he only treated with Dr. Gruzin for three months from June 16, 2016 to September 8, 2016. Significantly, Plaintiff identifies very few tasks he can no longer perform, an inability to play with his grandchildren, and some level of ongoing pain, for which he goes untreated. This court finds that an award of $50,000 will adequately compensate Plaintiff for any damages he suffered as a result of the June 1, 2014 accident that Defendant Walker caused.

A separate Order of Judgment will be entered.